The Hocking County Municipal Court convicted appellant Donald Fields for driving under the influence of alcohol ("DUI"), driving under suspension, and two minor traffic offenses. Mr. Fields appeals and assigns a single error for our review:
 The trial court abused its discretion, erred as a matter of law and deprived the appellant of his right under Article I, Section 14 of the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person when overruling his motion to suppress all evidence obtained by the state subsequent to the unconstitutional stop of his vehicle.
Because we find no constitutional problem with the traffic stop leading to the appellant's arrest, we overrule the assignment of error and affirm the judgment of the trial court.
 I.
Shortly after 2:00 a.m. one morning, Ohio State Highway Patrol trooper Rick Wells was parked at a Logan, Ohio gas station when he noticed a car come around a curve on State Route 664 near Old McArthur Road. The car's tires squealed as it rounded the curve. Trooper Wells followed the vehicle as it proceeded southbound along S.R. 664. This stretch of southbound S.R. 664 was a fairly curvy two-lane highway that proceeded gradually uphill. After following the appellant for a short period of time, Trooper Wells observed the car cross the "fog line" (i.e. the right edge line) by seven or eight inches (slightly more than a tire width). The car's right tires briefly dropped from the pavement onto a gravel area next to the roadway's narrow berm. The appellant drove about seven or eight feet with his right tires on the right side of the fog line before abruptly moving back to the right lane. A short distance later, the appellant again crossed the fog line by seven or eight inches, remaining there for seven to eight feet of travel before jerking back into the right lane.
After crossing the fog line the second time, the appellant's car approached a "hazardous zone" located near the crest of a hill. The southbound lane curved somewhat sharply around the hazardous zone, which featured an eight-foot wide area between the northbound and southbound lanes and double yellow lines separating it from the lanes of travel. The appellant's car crossed the double yellow lines by approximately a foot. This violation occurred approximately two hundred fifty feet from where the appellant's car first crossed the fog line on the right side of the road. After observing the appellant's car cross the double yellow line, Trooper Wells activated his overhead lights and pulled the appellant over. Upon being stopped, the appellant admitted that his driver's license was suspended and that he had been drinking. After the appellant failed a series of field sobriety tests, Trooper Wells arrested the appellant for DUI, in violation of R.C. 4511.19(A)(1), and driving under suspension, in violation of R.C. 4507.02. Trooper Wells also cited the appellant for driving left of center (R.C. 4511.25) and failing to wear a seat belt (R.C. 4573.263).
The appellant pled not guilty and filed a motion to suppress all evidence on the basis that the traffic stop was unconstitutional under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution.[1] The trial court denied the motion. Following the denial of his motion, the appellant changed his plea to no contest. The trial court found the appellant guilty of DUI, driving under suspension, driving left of center, and failing to wear his seat belt. In addition to various monetary fines, the court sentenced the appellant to one year in jail (185 days suspended) for DUI, 180 days in jail (120 days suspended) for driving under suspension, and a ten-year driver's license suspension. The appellant commenced this appeal.
 II.
The appellant's only assignment of error argues that the trial court should have granted his motion to suppress. When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332. During the suppression hearing, the trial court assumes the role of the trier of fact. State v. Rossiter (1993), 88 Ohio App.3d 162,166. Accordingly, the trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Brooks (1996), 75 Ohio St.3d 148, 154; Statev. Mills (1992), 62 Ohio St.3d 357, 366. As a reviewing court, we must defer to the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Medcalf
(1996), 111 Ohio App.3d 142, 145; State v. Guysinger (1993),86 Ohio App.3d 592, 594. We must then determine, utilizing a de novo
standard of review, whether the trial court correctly applied the appropriate legal standard to the facts of the case. Ornelas v.United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,134 L.Ed.2d 911; State v. Williams (1993), 86 Ohio App.3d 37, 41.
The appellant argues that the traffic stop in this case violated his right to be free from unreasonable seizure, as guaranteed by the Fourth Amendment to the United States Constitution (as applied to the states by theFourteenth Amendment) and Article I, Section 14 of the Ohio Constitution. See, generally, State v. Andrews (1991), 57 Ohio St.3d 86, 87 and fn. 1. In its entry denying the appellant's motion to suppress, the trial court found that "probable cause to stop and arrest defendant for [DUI] was established." The state urges us to affirm the trial court, arguing that the facts of this case presented "probable cause" for Trooper Wells to effectuate a traffic stop. We note, however, that the existence of probable cause is not the measure of testing the constitutionality of a traffic stop. A police officer may conduct a constitutionally valid traffic stop when there is a reasonable articulable suspicion that either the vehicle or an occupant is subject to seizure for violation of the law. Delaware v. Prouse (1979),440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 662; State v.Chatton (1984), 11 Ohio St.3d 59, 61; see, also, State v. Lloyd
(1998), 126 Ohio App.3d 95, 102 (noting that "probable cause" is the wrong standard by which to evaluate constitutionality of traffic stop). "Reasonable articulable suspicion" is a lesser standard than probable cause, and allows an officer to effectuate a stop when there is some objective manifestation of criminal activity involving the person stopped. Id.; see, also, State v.Vansconder (1994), 92 Ohio App.3d 853, 855. Reasonable and articulable suspicion exists when an officer can identify specific facts that, when taken together with rational inferences from those facts, would warrant a person of reasonable caution in the belief that the detainee has committed (or is committing) a crime. Terry v. Ohio (1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Freeman (1980), 64 Ohio St.2d 291, 294. The propriety of an investigative stop must also be viewed in light of the totality of the surrounding circumstances. Id. at paragraph one of the syllabus; State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
The appellant argues that this court's holding in State v.Brite (1997), 120 Ohio App.3d 517, mandates a finding that the traffic stop in this case was unconstitutional. In Brite, an Ohio State Highway Patrol trooper initiated a traffic stop after observing the defendant's car "weaving within its lane of travel." Id. at 519. The officer's sole justification for the stop was his observation that the defendant crossed the right edge line twice within the span of one mile. Id. During the traffic stop, the defendant failed a series of field sobriety tests and was arrested for DUI. After the trial court denied his motion to suppress, the defendant was ultimately convicted. This court reversed the conviction, holding that the trooper's testimony did not support a reasonable suspicion that the defendant was driving drunk at the time of the stop. Id. at 521. We were unpersuaded by the officer's sketchy testimony that the defendant crossed the right edge line:
 The officer testified below that his sole reason for making the investigatory stop was that he had observed appellant's car drive over the right-hand edge line of the road on two occasions during the span of a mile. It was unclear, however, just how far over the edge line appellant's car had gone.
Moreover, [the trooper] testified that appellant never went left of center, was not speeding, and violated no other traffic laws. We find as a matter of law that these two instances of crossing the right-hand edge line of the road, without more, were insufficient to justify a stop of the vehicle.
Id. (footnote omitted; emphasis supplied).
The appellant in this case argues that Trooper Wells' observations were virtually indistinguishable from the situation we encountered in Brite. Thus, the appellant argues that we must reverse the conviction, as we did in Brite. We are not persuaded.
Our holding in Brite reflected this court's belief that isolated instances of weaving and/or marked lane violations that are not described with particularity do not provide a factual basis for finding reasonable suspicion for drunk driving. See, also, State v. Williams, supra, 86 Ohio App.3d at 42-43; State v.Gullett (1992), 78 Ohio App.3d 138, 145. This case is readily distinguishable because the detailed testimony from the suppression hearing reflected more than simply a de minimis
failure of the appellant to stay within his marked lane. Trooper Wells observed the appellant cross the right edge line twice and a double yellow line on the left edge. On each occasion, the appellant crossed the line by more than a tire width and "jerked" the car abruptly when moving back into the appropriate lane. Moreover, the appellant's repeated failures to stay within his marked lane occurred over an approximate distance of only two hundred fifty feet. Based on these detailed observations occurring over a relatively short distance, Trooper Wells reasonably suspected that the appellant was unable to control his vehicle properly. See, e.g., State v. Lloyd, supra,126 Ohio App.3d at 103 (crossing yellow line three times and white berm line once over short distance created reasonable suspicion for traffic stop); State v. Lane (Mar. 11, 1998), Athens App. No. 97CA47, unreported (reasonable suspicion for traffic stop existed when defendant crossed center line three times within two miles and displayed erratic and jerky driving); State v. Elder (July 25, 1996), Ross App. No. 95CA2165, unreported (crossing right edge line once and center line three times within one mile justified traffic stop); State v. Muncie (Jan. 15, 1994), Ross App. No. 93CA1947, unreported (traffic stop justified when driver crossed center line and edge line once each and made contact with center line four other times within span of one mile); State v. Farris
(Aug. 5, 1993), Lawrence App. No. 93CA15, unreported (crossing edge line three times within a quarter mile provided reasonable suspicion for stop); State v. Lynn (Dec. 4, 1992), Hocking App. No. 92CA8, unreported (weaving within lane several times within three blocks justified investigatory stop). Although the appellant was driving steadily uphill on a curvy road, there was no evidence in the record indicating any adverse road conditions that would have prevented a driver from staying within his lane of travel. Based on this record, we find that Trooper Wells had reasonable articulable suspicion to initiate an investigatory traffic stop.
Moreover, even if Trooper Wells did not have a reasonable suspicion of impaired driving, an alternative basis exists to uphold the traffic stop in this case. Trooper Wells testified that he decided to pull the appellant over after observing the appellant's car cross the double yellow line separating the southbound lane from the hazardous zone in the center of the road. The appellant's crossing of this line constituted a traffic violation in and of itself for, in effect, driving left-of-center. R.C. 4511.25(A) (vehicle must travel on right side of roadway except in certain delineated circumstances); see, also, R.C. 4511.31 (driver must obey all signs or markings in hazardous zones). An officer who witnesses a traffic violation has reasonable suspicion to stop the offending motorist, regardless of any subjective intention to investigate a more serious offense. Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus; see, also, Whren v. United States (1996), 517 U.S. 806,116 S.Ct. 1769, 135 L.Ed.2d 89. Because Trooper Wells observed a violation of R.C. 4511.25(A), an offense for which he also cited the appellant, the traffic stop was constitutionally permitted.
In an apparent attempt to dissuade us from relying upon the appellant's traffic offense as a justification for the traffic stop, the appellant makes a novel argument concerning Brite's
holding. The appellant explains that Brite reflects our intent "to flatly reject the rigid holding of Erickson and instead focus on the reasonableness clause of the Fourth Amendment." The appellant argues that Brite implicitly requires more than reasonable suspicion to believe a de minimis traffic violation has taken place to justify a stop. The appellant is incorrect. First, we do not "flatly reject" the holding of Erickson, or any other Ohio Supreme Court decision. To the contrary, we are bound to apply the syllabus law as stated by any opinion issued by the Supreme Court of Ohio. See Love v. Motorists Mut. Ins. Co.
(1993), 86 Ohio App.3d 394, 400, citing Smith v. Klem (1983),6 Ohio St.3d 16, 18.[2] Second, a close reading of Brite shows that the case did not present the same issue as that decided by the Supreme Court in Erickson. In Erickson, the Supreme Court addressed the issue of whether a minor traffic violation justifies a traffic stop when the officer may have the subjective intent of investigating a more serious offense for which he does not have reasonable suspicion or probable cause. See Erickson, supra, 76 Ohio St.3d at 6. Significantly, Brite
presented no such issue for us to decide. See Brite, supra,120 Ohio App. 3d at 522, fn. 3 (Harsha, J., concurring) (noting thatBrite does not explicitly raise the issue presented in Erickson). The issue in Brite was limited to whether the minor movements outside the edge line gave rise to reasonable suspicion that the driver was intoxicated when the testimony describing them was vague and unspecific.[3] In the face of these sharp differences between the issue we decided in Brite and the issue the Supreme Court decided in Erickson, it is apparent that the appellant reads much more into Brite than what was actuallydecided.
The appellant's lone assignment of error is without merit. Trooper Wells possessed the requisite reasonable suspicion to effectuate the traffic stop in this case. The traffic stop was therefore constitutionally permitted and the trial court correctly denied the appellant's motion to suppress. Accordingly, we affirm the judgment of the Hocking County Municipal Court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________ William H. Harsha, Judge
[1] The appellant limited his motion to the initial traffic stop initiated by Trooper Wells. The motion did not challenge the existence of probable cause to arrest the appellant after Trooper Wells effectuated the stop.
[2] The appellant also makes the assertion that the supreme Court "at least tacitly" upheld our purported rejection ofErickson by failing to accept a discretionary appeal of Brite.State v. Brite (1997), 80 Ohio St.3d 1426. It is axiomatic, however, that the Supreme Court's denial of discretionary review is not a statement of any kind (tacit or otherwise) as to the merits of a court of appeals decision. S.Ct.R.Rep.Op. 2(I)(2).
[3] The concurring opinion in Brite suggested that a momentary "bobble" over the right edge line could give rise to a reasonable suspicion that a motorist has violated R.C. 4511.33(A), which requires a vehicle to remain "as nearly as practicable entirely within a single lane or line of traffic * * *." If a violation of R.C. 4511.33(A) has occurred, a traffic stop would presumably be justified under the rule announced in Erickson and Whren. Brite,120 Ohio App.3d at 523 (Harsha, J., concurring). The majority opinion, however, makes no such pronouncement and the concurring opinion stopped short of saying that such a violation occurred in that case. In this case, we note that Trooper Wells did not testify that the crossing of the right edge line was a traffic violation and did not cite the appellant for violating R.C.4511.33(A). Further, because of the peculiar manner in which R.C.4511.33(A) is drafted, we have not held that every instance of weaving warrants stopping a car for violation of the statute. SeeState v. Kennedy (Sept. 30, 1999), Ross App. No. 99CA2472, unreported, at fn. 4; but, see, State v. Wilhelm (1998), 81 Ohio St.3d 444
(summarily reversing State v. Wilhelm [Apr. 14, 1997], Butler App. No. CA96-12-272, unreported, on authority of Erickson
lower court case had held that crossing right edge line three times did not constitute violation of R.C. 4511.33 that would justify traffic stop); State v. Rusnak (1997), 120 Ohio App.3d 24,28 (motor home's drifting one and a half feet off right side of roadway was violation of R.C. 4511.33); State v. Denton-Boyer
(May 26, 1998), Clermont App. No. CA97-11-096, unreported (finding traffic stop constitutional under authority of Erickson
when officer stopped defendant based on violation of R.C. 4511.33
for riding right edge line and double yellow line). In this case, the appellant committed a violation of R.C. 4511.25 that justified the traffic stop. Thus, we need not and do not decide whether the appellant twice crossing the right edge line, without more, constituted a violation of R.C. 4511.33 that provided reasonable suspicion for a traffic stop or probable cause to issue a citation. Thus, we need not and do not decide whether the appellant twice crossing the right edge line, without more, constituted a violation of R.C. 4511.33 that provided reasonable suspicion for a traffic stop or probable cause to issue a citation.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.