The STATE of Ohio, Appellant,

v.

ROSSITER, Appellee.

[Cite as *State v. Rossiter* (1993), 88 Ohio App.3d 162.]

Court of Appeals of Ohio,
Ross County.

No. 1892.

Decided June 3, 1993.

*Scott W. Nusbaum,* for appellant.

*Daniel L. Silcott,* for appellee.

PETER B. ABELE, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Ross County Common Pleas Court. The state of Ohio, plaintiff below and appellant herein, appeals the trial court's judgment granting a motion to suppress filed by Gary Rossiter, defendant below and appellee herein.

Appellant assigns the following errors:

"First Assignment of Error:

"The trial court erred in its determination that appellee was questioned in a custodial setting and therefore required to receive Miranda warnings."

"Second Assignment of Error:

"The trial court erred by failing to use the totality of the circumstances test in determining whether appellee voluntarily gave a confession to a police detective."

"Third Assignment of Error:

"The state of Ohio proved beyond a preponderance of the evidence that appellee voluntarily and freely waived his Miranda rights rendering his confession admissible."

"Fourth Assignment of Error:

"The trial court erred by excluding evidence where there is not [sic] indication that future police conduct would be deterred by applying the exclusionary rule."

On March 13, 1992, the grand jury indicted appellee on two counts of arson in violation of R.C. 2909.03.

On June 11, 1992, appellee filed a motion to suppress any statements he made to law enforcement officers. Appellee argued he did not make a knowing and intelligent waiver of his constitutional rights prior to the time the law enforcement officers elicited a statement from him.

On July 2, 1992, appellant filed a memorandum contra appellee's motion to suppress. Appellant argued that although the detective who questioned appellee thought he was "slow," the detective had no indication that appellee could not understand his constitutional rights. Appellant further argued that appellee remained free to leave the police cruiser at any time during the questioning.

On July 8, 1992, the court sustained appellee's motion to suppress. The court wrote in its decision:

"This Court further finds that a custodial interrogation occurred and that Detective Nichols provided the Miranda warning to Defendant on two occasions. * * *

"The Defense called Dr. James Hagen, a Clinical Psychologist whose qualifications were stipulated by the parties and who testified that Defendant was mentally retarded and had an IQ of approximately 65. Dr. Hagen further reported that the Defendants intellectual abilities were judged to be below average and the he was mildly mentally retarded. Dr. Hagen further testified that abstract concepts would be difficult for Defendant particularly those describing his Constitutional Rights and the concept of waiving those rights.

" * * * *

"Although it is doubtful that Defendant fully and truly understood his Constitutional Rights as provided to him by Detective Nichols, it is abundantly clear to this Court that the Defendant did not give a knowing and voluntary waiver of those rights.

" * * * *

"It is quite clear to this Court after observing Defendant on the stand, observing his demeanor, observing his facial expressions, observing his method of

answering and the hesitancy and answers given, the Defendant in all likelihood did not understand his Constitutional Rights and clearly did not waive those rights before making the oral statement to Detective Nichols. * * * "

Appellant filed a timely notice of appeal with the required Crim.R. 12(J) certification.

I

In its first assignment of error, appellant asserts the trial court erred by finding that the detective questioned appellee in a custodial setting.

During proceedings on a motion to suppress evidence, the trial court generally assumes the role of trier of facts. See *State v. Simmons* (Aug. 25, 1992), Pike App. No. 473, unreported, 1992 WL 208958; *State v. Kingery* (Mar. 18, 1992), Ross App. No. 1792, unreported, at 5, 1992 WL 56769; *State v. Cramblit* (Mar. 4, 1992), Hocking App. No. 91CA7, unreported, at 5, 1992 WL 42783. The trial court must determine the credibility of the witnesses and weigh the evidence presented at hearings on motions to suppress evidence. *State v. Smith* (1991), 61 Ohio St.3d 284, 288, 574 N.E.2d 510, 515; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 437 N.E.2d 583, 584. As a reviewing court, we should defer to the trier of fact who had an opportunity to view the witnesses and observe their demeanors, gestures, and voice inflections. A reviewing court should not disturb the trial court's findings on the issue of credibility. *Id.* Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. DePalma* (Jan. 18, 1991), Ross App. No. 1633, unreported, 1991 WL 13824. Accepting these facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. See *State v. Shelpman* (May 23, 1991), Ross App. No. 1632, unreported, 1991 WL 87312; *State v. Simmons* (Aug. 30, 1990), Washington App. No. 89CA18, unreported, 1990 WL 127065.

In the case *sub judice,* we find the record contains sufficient credible evidence to support the trial court's conclusion that a custodial interrogation occurred. We note that the only relevant inquiry in determining whether an interrogation is custodial is how a reasonable man in the suspect's position would have understood the situation. *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. A suspect is considered to be "in custody" when the suspect's freedom of action is limited to a "degree associated with formal arrest." *Id.* See, also, *In re Smalley* (1989), 62 Ohio App.3d 435, 575 N.E.2d 1198; *State v. Warrell* (1987), 41 Ohio App.3d 286, 534 N.E.2d 1237; *California v. Beheler*

(1983), 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275; *State v. Maurer* (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768.

A review of the record reveals that Detective Ron Nichols asked appellee to enter a police cruiser for questioning. Detective Nichols called a second officer into the cruiser for assistance with the questioning. Detective Nichols testified he advised appellee of his *Miranda* rights "since he was sitting in my car." Detective Nichols asked appellee many questions implicating his guilt. We find sufficient credible evidence in the record to support a determination that a reasonable person being questioned under the circumstances of this case would have understood that his or her freedom of action was limited to a "degree associated with formal arrest."

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

In its second assignment of error, appellant asserts the trial court erred by failing to apply the totality of the circumstances test to determine whether appellant voluntarily confessed to the commission of the crimes. See *State v. Brewer* (1990), 48 Ohio St.3d 50, 549 N.E.2d 491. In *Brewer*, at 58, 549 N.E.2d at 499, the court wrote:

"Whether a confession is voluntary depends upon ' * * * the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment, and the existence of threat or inducement.' *State v. Edwards* (1976), 49 Ohio St.2d 31, 3 O.O.3d 18, 358 N.E.2d 1051, paragraph two of the syllabus, vacated as to death penalty, *Edwards v. Ohio* (1978), 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155."

In the instant case, we find no evidence in the record that the trial court failed to apply the totality of the circumstances test. Although appellant contends the trial court based its decision solely on appellee's IQ, the trial court's decision mentions additional factors that influenced the decision. In the absence of evidence to the contrary, we must presume the trial court correctly decided the case. See *State v. Coombs* (1985), 18 Ohio St.3d 123, 18 OBR 153, 480 N.E.2d 414.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

### III

In its third assignment of error, appellant asserts the evidence proves appellee voluntarily and freely waived his constitutional rights prior to making his statement. Appellee disagrees.

In *State v. Simmons* (Aug. 25, 1992), Pike App. No. 473, unreported, 1992 WL 208958, we commented:

"The analysis of a waiver's validity has two distinct aspects: First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being waived and the consequences of the decision to abandon it. * * * "

In *Colorado v. Spring* (1987), 479 U.S. 564, 573, 107 S.Ct. 851, 857, 93 L.Ed.2d 954, 965, the court wrote:

"Only if the 'totality of the circumstances surrounding the interrogation' reveal *both* an uncoerced choice *and the requisite level of comprehension* may a court properly conclude that the *Miranda* rights have been waived." (Emphasis added.) See, also, *Moran v. Burbine* (1986), 475 U.S. 412, 421, 106 S.Ct. 1135, 1140, 89 L.Ed.2d 410, 420.

In the case *sub judice*, the trial court suppressed appellee's confession based upon its finding that appellant did not have an awareness both of the nature of his rights and of the consequences of waiving those rights. The court wrote that appellee "in all likelihood did not understand his constitutional rights and clearly did not waive those rights." Our review of the record uncovers sufficient evidence to sustain that finding.

Detective Nichols testified he noticed appellee appeared to have a speech impairment and "seemed to be a little slow" when responding to questions. The second officer similarly testified that appellee "appeared to be a little slow." The second officer explained that by this he meant appellee appeared to have some type of handicap. Psychologist James Hagen testified appellee suffers from a hearing loss in his ears, a limited vocabulary, and mild mental retardation. Hagen noted that appellee had an IQ of sixty-five and finished high school "in the setting of a mental retardation facility." Hagen further testified that appellee was only marginally literate, and could not understand plea bargaining and other legal concepts. Appellee's own testimony convinced the trial court that appellee "in all likelihood" did not understand his rights.

Our ruling should not be misinterpreted as holding that an accused who is mildly mentally retarded is *per se* incapable of waiving constitutional rights.

Many courts have soundly rejected this idea, see, *e.g., State v. Hill* (Nov. 27, 1989), Trumbull App. Nos. 3720 and 3745, unreported, 1989 WL 142761. See, also, *Commonwealth v. Chandler* (1990), 29 Mass.App.Ct. 571, 577–580, 563 N.E.2d 235, 240–241; *State v. Griffin* (La.App.1990), 568 So.2d 198, 204; *State v. Russell* (1989), 92 N.C.App. 639, 644, 376 S.E.2d 458, 462; *Marlowe v. State* (1988), 187 Ga.App. 255, 256, 370 S.E.2d 20, 22; *Kight v. State* (Fla.1987), 512 So.2d 922, 926–927. There exist many cases where waivers of *Miranda* rights by defendants with lesser mental abilities than appellee have been found to be valid.

 We note, however, that when persons of markedly limited mental abilities are questioned without the aid of counsel, issues of suggestibility and possible overreaching are raised and must be factored into a consideration of the "totality of the circumstances." Law enforcement officers questioning suspects they find to be "slow" must take extra precautions to ensure that any waiver of rights is done knowingly and with a full awareness both of the nature of the right being waived and of the consequences of the decision to abandon it. Trial courts should take care to determine that the defendant comprehended the events occurring at the time of the statement.

In the case *sub judice*, the trial court determined that appellee did not knowingly and voluntarily waive his *Miranda* rights. The trial court based its opinion on many factors, including the psychologist's testimony concerning appellee's limited mental abilities, appellee's own testimony, and appellee's demeanor on the witness stand. We cannot say that insufficient evidence exists to support the trial court's determination that appellee did not knowingly and voluntarily waive his *Miranda* rights.

Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

## IV

In its fourth assignment of error, appellant asserts the trial court erred by granting the motion where there is no indication that the ruling would deter future police conduct. Appellant cites *United States v. Leon* (1984), 468 U.S. 897, 906–913, 104 S.Ct. 3405, 3411–3415, 82 L.Ed.2d 677, 687–692, for the proposition that the purpose of excluding evidence seized in violation of the Constitution is to substantially deter future constitutional violations.

 Although we agree this is the purpose of the exclusionary rule, we note appellant cites no authority which prohibits trial courts from invoking the rule *unless* they make an express finding that the particular exclusion will have the effect of substantially deterring future constitutional violations. In the case *sub judice*, we believe the trial court correctly focused not on the question of

170

deterrence, but rather on the question of whether appellee knowingly and voluntarily waived his *Miranda* rights.

Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error.

*Judgment affirmed.*

GREY, J., concurs.

HARSHA, P.J., dissents.

HARSHA, Presiding Judge, dissenting.

I respectfully dissent because I do not believe the contact between Detective Nichols and Mr. Rossiter involved custodial interrogation. Nichols clearly testified that he asked Rossiter to sit in his car while he asked some questions. Nichols indicated that this was done because it was raining. On cross-examination, Nichols clearly stated that Rossiter was not under arrest and was free to leave if he chose. On direct examination, Rossiter agreed that he was not under arrest when he was in the detective's car.

Absent custodial interrogation, *Miranda* does not apply. See *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. Accordingly, I dissent.