This is an appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Sylvester L. Kenney, sets forth the following two assignments of error:
"First Assignment of Error.
 "THE TRIAL COURT'S JUDGMENT ENTRY IMPOSING A FIVE (5) YEAR LICENSE SUSPENSION SHOULD BE CORRECTED TO REFLECT THE THREE YEAR SUSPENSION ANNOUNCED IN OPEN COURT.
"Second Assignment of Error
 "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY DID NOT MAKE AN EFFORT TO HAVE HIM ENTER A NO CONTEST RATHER THAN A GUILTY PLEA, THEREBY PRECLUDING HIM FROM PURSUING A MERITORIOUS CHALLENGE TO THE DENIAL OF HIS SUPPRESSION MOTION."
The following facts are relevant to this appeal. Appellant was indicted on February 4, 1997 for possession of more than one hundred grams of crack cocaine in violation of R.C.2925.11(A) and (C)(4)(f) with a major drug offender specification, R.C. 2941.1410 (count one) and for possession of a weapon while under a disability in violation of R.C. 2923.13
(A)(2) (count two) on November 19, 1997, a hearing on appellant's motion to suppress was held. At the conclusion of the hearing, the trial court denied the motion. On January 20, 1998, appellant withdrew his not guilty plea to count one and entered a plea of guilty to that count. Count two was nolled. Also on January 20, 1998, appellant was sentenced to serve a ten year mandatory term in prison and his driver's license was suspended for three years. The sentencing judgment entry entered that same day ordered that his driver's license be suspended for five years. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that because he was not present at the imposition of the sentence of license suspension for five years, it is invalid and the lower suspension of three years should be reinstated. This court finds some merit in appellant's first assignment of error.
Crim.R. 43(A), which deals with the presence of a defendant during legal proceedings, provides that:
 "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes."
In addition, appellate courts have held that Crim.R. 43(A) mandates that a defendant must be present during the modification of a sentence.
 " 'The language of Crim.R. 43(A) specifically requires that a defendant be present at every stage of the proceedings. This requirement includes both the imposition of a sentence and where one sentence is vacated and a new sentence is imposed. Columbus v. Rowland (1981), 2 Ohio App.3d 144, 145, 2 OBR 158, 160, 440 N.E.2d 1365, 1367.' " State v. Ranieri (1992) 84 Ohio App.3d 432, 434.
Because a defendant must be present at the imposition of sentence pursuant to Crim.R. 43(A), the judgment entry cannot vary the sentence pronounced in the presence of the defendant.Columbus v. Rowland (1981), 2 Ohio App.3d 144; Bartone v.United States (1963), 375 U.S. 52. As the judgment entry in this case changed the sentence imposed in open court by imposing a greater time for license suspension, a sentencing hearing should have been held to inform appellant personally of such a change in his sentence.
Accordingly, appellant's first assignment of error is found well-taken to the extent that the case is remanded to the trial court so that it may hold an appropriate re-sentencing hearing.
In his second assignment of error, appellant argues that he received ineffective assistance of trial counsel because of his trial counsel's failure to ask the trial court, on the record, to permit appellant to enter a plea of no contest rather than a guilty plea. This court finds no merit in this assignment of error.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the resulting defect or defects that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136.
When the legal representation at issue resulted in a plea of guilty or no contest, a defendant must likewise show that his counsel's performance fell below an objective standard of reasonable representation. Then, he must also show that there is a reasonable probability that, but for counsel's errors, he would not have entered the plea but would instead have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52. Statev. Xie (1992), 62 Ohio St.3d 521. Whether in a trial or a plea of guilty or no contest, a strong presumption operates in favor of trial counsel's adequate performance, placing the burden on the accused to prove that counsel's performance was, in fact, deficient in some material respect. Strickland,466 U.S. at 690. The Supreme Court also stated the following in Strickland,466 U.S. at 697:
 "* * * Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. * * *"
In State v. Barnett (1991), 73 Ohio App.3d 244, 248, the court noted:
 "A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). 'By entering a plea of guilty, the accused is not simply stating that he did the discrete acts charged in the indictment; he is admitting guilt of a substantive crime.' United States v. Broce (1989), U.S., 109 S.Ct. 757, 762. The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S. 61.
 "When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991), 57 Ohio St.3d 127. 'A failure by counsel to provide advice (which impairs the knowing and voluntary nature of the plea) may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea.' United States v. Broce, supra, 109 S.Ct., at 765."
Appellant contends that his trial counsel erred in his failure to ask the trial court, on the record, to permit appellant to enter a plea of no contest rather than a guilty plea, thereby preserving his right to appeal the denial of his motion to suppress. Therefore, this court will first examine if appellant suffered sufficient prejudice by his trial counsel's failure to preserve appellant's right.
Appellant's motion to suppress was premised on his alleged failure to receive the warnings required by Miranda v. Arizona
(1966), 384 U.S. 436. Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. UnitedStates v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. A trial court assumes the role of trier of fact during proceedings on a motion to suppress, State v. Robinson (1994), 98 Ohio App.3d 560,570; State v. Rossiter (1993), 88 Ohio App.3d 162, 166, and the evaluation of evidence and credibility of witnesses during such proceedings are issues to be determined by the trial court. State v. Brooks (1996), 75 Ohio St.3d 148, 154;State v. Carter (1995), 72 Ohio St.3d 545, 552. A reviewing court should not disturb the trial court's findings on the issue of credibility. State v. Claytor (1993), 85 Ohio App.3d 623,627. A reviewing court is bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence.State v. Harris (1994), 98 Ohio App.3d 543, 546; State v.Claytor, 85 Ohio App.3d at 627. The application of the law to those facts is subject to a de novo standard of review.Harris, 98 Ohio App.3d at 546; State v. Anderson (1995),100 Ohio App.3d 688, 691; State v. Klein (1991), 73 Ohio App.3d 486,488.
Although appellant testified that he did not remember being given his Miranda warnings, an officer testified that he advised appellant of his Miranda rights, reading from a printed form for that purpose, and elicited appellant's statement that he understood his rights. The officer testified that appellant responded affirmatively. This first officer testified that he did not ask appellant any questions. A second officer testified that before he asked appellant any questions, he advised appellant that he had been advised of his rights and asked appellant if appellant understood, and appellant said yes. This officer testified that, after appellant agreed to talk with him, he asked appellant if the drugs were already "rocked"[1] when he received them. After appellant responded yes to that question, the officer asked appellant if there were anymore drugs or money in the house. After appellant responded no to that question, the officer asked appellant where he obtained the drugs. This officer testified that when appellant stated he wanted an attorney, no more questions were asked of appellant.
Appellant testified that he did not remember the first officer reading him his rights and that the second officer still asked him questions after he said he wanted to get a lawyer. On cross-examination, appellant stated that he did not remember the second officer asking him if he had been given his Miranda rights.
Although these could be points from which to argue that the trial court should disbelieve the officers' testimony, it is for the trial court, rather than a reviewing court, to determine issues of credibility of witnesses. State v. Mills
(1992), 62 Ohio St.3d 357, 366. If there is testimony in the record that, if believed, would persuade the average mind of the essential facts by the requisite standard of proof, the trial court's finding of fact may not be reversed as being against the manifest weight of the evidence. State v. Walker
(1978), 55 Ohio St.2d 208, 213. Furthermore, although appellant testified that he did not remember the first officer reading him his rights and that he did not remember the second officer asking him if he had been given his Miranda rights by the first officer, both officers testified as to doing these acts. It was for the trial court to resolve this conflict in testimony.
This court finds that the trial court did not err in denying appellant's motion to suppress. Therefore, there was no prejudice to appellant when his trial counsel failed to ask the trial court, on the record, to permit appellant to enter a plea of no contest rather than a guilty plea. Appellant's claim that he received ineffective assistance of trial counsel, and that, therefore, his guilty plea was not knowing, intelligent and voluntary, is without merit. See, also, State v. Miller (Oct. 31, 1997), Montgomery App. No. 16166, unreported (no ineffective assistance of trial counsel claim because mere speculation that state would have agreed to a no contest plea);State v. Bonnet (Mar. 3, 1997), Warren App. No. CA96-07-059, unreported (failure to prove ineffective assistance claim when nothing in the record to support appellant's contention that option of pleading no contest existed); State v. Ellis (June 14, 1996), Montgomery App. No. 15444, unreported (no ineffective assistance claim for failure to advise that guilty plea would waive appeal of denial of pre-trial motions when motion to suppress was properly overruled); and State v.Marshall (Nov. 3, 1994), Cuyahoga App. No. 66121, unreported (no ineffective assistance claim for failure to advise that guilty plea would waive appeal of denial of pre-trial motions when record devoid as private conversations of appellant and his trial counsel).
Accordingly, appellant's second assignment of error is found not well-taken.
Pursuant to the foregoing, the judgment of the Lucas County Court of Common Pleas is reversed, the sentence of the trial court is vacated and defendant's case is remanded for re-sentencing in conformity with Crim.R. 43(A). It is ordered that appellant and appellee share equally the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
James R. Sherck, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE
[1] The officer explained that already "rocked" meant that the drugs were in crack form.