DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Maurice Brown, guilty of murder with a firearm specification. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following four assignments of error:
 "I. THE STATE FAILED, AS A MATTER OF LAW, TO FOLLOW R.C. SECTION 2151.26 REQUIRING A DELINQUENCY PROCEEDING BE INITIATED BEFORE INDICTING DEFENDANT.
 "II. THE EXCEPTION TO THE EXCLUSIVE JURISDICTION BY THE JUVENILE COURT OVER JUVENILES DOES NOT APPLY TO DEFENDANT.
 "III. DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 "IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS."
The following facts are relevant to this appeal. On October 12, 1999, a Lucas County grand jury returned an indictment charging appellant with murder, in violation of R.C. 2903.02(A), with a firearm specification, for a murder that occurred in June 1994 when appellant was a juvenile. Appellant entered a not guilty plea. On November 30, 1999, appellant filed a motion to suppress statements that he made to the police on two occasions: June 16, 1994 and October 6, 1999. A suppression hearing[1]
was held on January 21, 2000, and the trial court denied the motion. The case proceeded to trial on March 20 through 22, 2000. On March 22, 2000, the jury found appellant guilty as charged. Appellant was sentenced to fifteen years to life on the murder charge with a three year consecutive term for the firearm specification. Appellant filed a timely notice of appeal.
This court will first consider appellant's second assignment of error. In his second assignment of error, appellant argues that R.C. 2151.26(G) does not apply to him because as a juvenile he was in custody at the Children's Services Institute ("CSI") for questioning in regard to the fatal shooting on July 14, 1994. Appellant also argues that his custodial interrogation amounts to custody for the purposes of R.C.2151.26(G). This court finds no merit in this assignment of error.
The state agrees that appellant was in custody at CSI but argues appellant was not in custody for the murder charge at the time. The state argues that appellant was in custody at CSI for other unrelated charges, citing testimony from the motion to suppress hearing and the judgment entry denying the motion to suppress.
R.C. 2151.26(G) provides:
 "(G) If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act, divisions (B) and (C) of this section do not apply regarding that act, the case charging the person with committing that act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed that act, all proceedings pertaining to that act shall be within the jurisdiction of the court having jurisdiction of the offense, and the court having jurisdiction of the offense has all the authority and duties in the case as it has in other criminal cases commenced in that court." (Emphasis added.)
Upon review of the facts of this case and the relevant law, this court concludes that appellant was not in custody for the murder when he was interviewed at CSI on July 14, 1994 when he was a juvenile. Thus, R.C.2151.26(G) does apply to him.
Accordingly, appellant's second assignment of error is found not well-taken.
In his first assignment of error, appellant argues that the state erred in failing to follow R.C. 2151.26 in that the state failed to proceed with a delinquency charge before initiating an indictment. This court finds no merit in this assignment of error. R.C. 2151.26(G) applies to appellant as he was not taken into custody for a murder, allegedly committed by appellant when he was under eighteen years of age, until he attained twenty-one years of age. Therefore, the state did not need to proceed with a delinquency charge before initiating a criminal indictment against appellant.
Accordingly, appellant's first assignment of error is found not well-taken.
In his third assignment of error, appellant argues that he was deprived of his constitutional right to effective trial counsel because his trial counsel failed to argue dismissal of the charges for lack of subject matter jurisdiction by the general division of the common pleas court. This court finds no merit in this assignment of error.
This court determined in appellant's second assignment of error that R.C. 2151.26(G) does apply to him. Thus, the juvenile court no longer had jurisdiction over appellant. Therefore, appellant's trial counsel was not ineffective for failing to argue dismissal of the charges for lack of subject matter jurisdiction by the general division of the common pleas court.
Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant argues that the trial court erred in denying his motion to suppress statements he made to police on July 14, 1994, when he was a juvenile being held in CSI on unrelated charges. Appellant argues that the trial court's decision in denying his motion to suppress was against the manifest weight of the evidence. This court finds no merit in this assignment of error.
Appellant argues that three factors give rise to an inference that he did not understand the legal ramifications of agreeing to provide a statement: 1) his age in 1994 (sixteen and a half), 2) his difficulty with reading[2] and 3) his lack of prior experience with the criminal system. The state argues that appellant voluntarily, knowingly and intelligently waived his constitutional rights. The state also argues that even if appellant's statement in 1994 was taken in violation of hisMiranda rights, any such error was harmless because appellant's statement from 1994 was not a confession but rather a statement that the murder had been committed by another without any involvement by appellant.
At the suppression hearing, the only witness was a Toledo police officer. This officer testified that he advised appellant of his rights and asked appellant if appellant understood and appellant said yes. The officer had appellant initial each paragraph of the waiver of rights form after appellant was asked if he understood the paragraph. After appellant read and initialed each paragraph, the officer testified that he had appellant read the last paragraph aloud and then had appellant sign his name. After completion of the form, the officer testified that appellant denied any involvement in the murder and indicated that someone else had committed the murder.
A trial court assumes the role of trier of fact during proceedings on a motion to suppress. State v. Mills (1992), 62 Ohio St.3d 357, 366; Statev. Rossiter (1993), 88 Ohio App.3d 162, 166. The evaluation of evidence and credibility of witnesses during such proceedings are issues to be determined by the trial court. State v. Carter (1995), 72 Ohio St.3d 545,552. A reviewing court should not disturb the trial court's findings on the issue of credibility. State v. Claytor (1993), 85 Ohio App.3d 623,627. A reviewing court is bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence. Id. at 627.
Upon review of the facts of this case and the relevant law, this court finds that the trial court did not err in denying appellant's motion to suppress.
Accordingly, appellant's fourth assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _____________________________________ Peter M. Handwork, J.
 James R. Sherck, J., Mark L. Pietrykowski, P.J. CONCUR.
[1] At the suppression hearing, the focus was on the suppression of the statement made on June 16, 1994 and not the statement made on October 6, 1999. On appeal, appellant's argument is also in regard to suppression of the statement made on June 16, 1994.
[2] At the suppression hearing, one of the officers who interviewed appellant in 1994, testified that, thinking back, he thought that appellant indicated he had difficulty reading.