OPINION
{¶ 1} Eric Newsome is appealing the judgment of the Montgomery County Common Pleas Court, which overruled his motion to suppress.
 {¶ 2} On November 7, 2001, Officer Roberta Johnson was on patrol in her cruiser with her windows rolled up when she heard bass music "thumping" from a vehicle driven by Mr. Newsome. Officer Johnson testified that she had been approximately two car lengths or twenty-five feet away from Mr. Newsome's vehicle when she had heard the thumping sound. Officer Johnson stopped Mr. Newsome based on her belief that he was in violation of the city of Dayton's noise ordinance. During the investigative stop, the officer discovered that Mr. Newsome's driving privileges had been suspended. Officer Johnson cited Mr. Newsome for violating the noise ordinance and arrested him for driving while his driving privileges were suspended. Mr. Newsome was taken to the Montgomery County Jail where he was subsequently searched pursuant to booking procedures. During the search, a baggy containing a white substance was discovered in his coat pocket. The white substance was later determined to be cocaine.
 {¶ 3} On November 15, 2001, Mr. Newsome was charged with possession of cocaine in an amount that equaled or exceeded five grams but was less than twenty-five grams in violation of R.C. 2925.11(A). On January 8, 2001, Mr. Newsome filed a motion to suppress the cocaine found on him. A hearing was subsequently held, and in a written decision the trial court overruled the motion. On May 31, 2002, Mr. Newsome subsequently entered a plea of no contest and was sentenced to five years of community control. Also, Mr. Newsome's driver's license was suspended for six months. Mr. Newsome has filed this appeal from that decision, raising the following assignments of error:
 {¶ 4} "[I.] City of Dayton ordinance 94.12 is unconstitutional as applied to Appellant Newsome's case.
 {¶ 5} "[II.] The court erred in refusing to suppress evidence gained against Appellant Newsome in violation of his constitutional right to freedom from unreasonable search and seizure."
Appellant's first assignment of error:
 {¶ 6} Mr. Newsome argues that Dayton City Code 94.12 is unconstitutional. We disagree.
 {¶ 7} Legislative enactments enjoy a strong presumption of constitutionality. State v. Dorso (1983), 4 Ohio St.3d 60, 61. In furtherance of this presumption, courts must liberally construe legislation in order to save it from constitutional infirmities, and all reasonable doubts must be resolved in favor of constitutionality. Id. at 61.
 {¶ 8} In order to determine whether an ordinance violates theFirst Amendment of the United States Constitution, an appellate court must first determine whether the ordinance is content based, regulating the content of speech, or content neutral, regulating only the time, place or manner of the speech. State v. Cooper, 151 Ohio App.3d 790,2003-Ohio-1032, ¶ 9, 10. The United States Supreme Court has held that laws enacted by the government to protect its citizens from unwelcome noise qualify as being content-neutral regulations. Ward v.Rock Against Racism (1989), 491 U.S. 781, 792. Content neutral regulations require only an intermediate level of scrutiny. RegalCinemas, Inc. v. Mayfield Hts. (2000), 137 Ohio App.3d 61, 68.
 {¶ 9} Dayton City Code 94.12 provides:
 {¶ 10} "No person shall operate a motor vehicle on a street or highway if the sound from any sound amplifying equipment located inside of, outside of but attached to, or held by a person inside the motor vehicle is discernable at a distance of 25 feet or more from the vehicle."
 {¶ 11} Mr. Newsome argues that the ordinance is content based. However, the ordinance focuses on the use of audio equipment to broadcast sound from a vehicle and the level of sound emanating from such equipment rather than the type of speech being broadcast. Therefore, the ordinance is not content based but is a time, place or manner restriction. As a content neutral regulation, the ordinance is subject to an intermediate level of scrutiny.
 {¶ 12} The government is permitted to impose reasonable restrictions on the time, place, or manner of expressive activity so long as the restrictions are content neutral, are "narrowly tailored to serve a significant governmental interest, and * * * leave open ample alternative channels for communication of the information." Ward, supra, at 791, quoting Clark v. Community for Creative Non-Violence (1984),468 U.S. 288, 293. The United States Supreme Court has stated that the "government `has a substantial interest in protecting its citizens from unwelcome noise.'" Ward, supra, at 796, quoting City of Los Angeles v.Taxpayers for Vincent (1984), 466 U.S. 789, 806. A time, place, or manner restriction is narrowly tailored when the substantial governmental interest promoted by the regulation would be achieved less effectively absent the regulation. Ward, supra, at 799. Unless the regulation is substantially broader than necessary to achieve the government's interest, the regulation is not unconstitutional solely because the interest could be met by less restrictive means. Ward, supra, at 800.
 {¶ 13} In the instant case, the City of Dayton has a substantial interest in protecting its citizens from unwelcome noise, and that interest is served directly and effectively by requiring that sound emanating from vehicles not be discernible from a distance of more than 25 feet. Absent this regulation, the city's interest would not be served as well. The Dayton ordinance provides a reasonable objective standard for determining if a violation has occurred. Additionally, the ordinance is prevented from being susceptible to selective enforcement because it provides a measurable standard of conduct. Mr. Newsome argues that the ordinance is overly broad because the distance is not as far as in other Ohio entities' ordinances. However, the validity of a time, place, and manner regulation has never been determined by a "less-restrictive-alternative analysis." Ward, supra, at 797, quotingRegan v. Time, Inc. (1984), 468 U.S. 641, 657. Therefore, the fact that other Ohio entities use less restrictive regulations to control noise does not mean that the Dayton ordinance is overly broad. We find that the Dayton ordinance is sufficiently narrowly tailored to serve the government's interest in preventing unwelcome noise.
 {¶ 14} Finally, Dayton City Code 94.12 provides for alternative channels for communication of the information. The ordinance is not a ban on playing music from motor vehicles. Rather the ordinance permits sound to emit from a vehicle so long as it is not discernible at 25 feet from the vehicle. Moreover, Mr. Newsome has not demonstrated that any of the alternate channels for communication were insufficient. Therefore, because the Dayton ordinance was a content neutral regulation, was narrowly tailored to serve a significant governmental interest, and left open alternative channels for communication of the information, the ordinance qualifies as a reasonable time, place, or manner restriction. The ordinance is not unconstitutional, and Mr. Newsome's assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 {¶ 15} Mr. Newsome argues that the trial court erred in overruling his motion to suppress because the traffic stop in his case was illegal due to the officer's lack of reasonable suspicion of criminal activity. We disagree.
 {¶ 16} In State v. Healy, this Court explained the standard for reviewing a trial court's judgment on a motion to suppress as follows:
 {¶ 17} "The trial court assumes the role of the trier of fact in a hearing on a motion to suppress. State v. Thompson (1995),103 Ohio App.3d 498, 502, 659 N.E.2d 1297; State v. Rossiter (1993),88 Ohio App.3d 162, 166, 623 N.E.2d 645. The trial court must determine the credibility of the witnesses and weigh the evidence presented at the hearing. Rossiter, supra at 166, 623 N.E.2d 645. A reviewing court will not disturb the trial court's findings of fact so long as they are supported by competent, credible evidence. Thompson, supra at 502,659 N.E.2d 1297; Rossiter, supra at 166, 623 N.E.2d 645. Accepting the trial court's findings of fact as true, an appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard. Thompson, supra at 502, 659 N.E.2d 1297; Rossiter, supra at 166, 623 N.E.2d 645." State v. Healy (Aug. 4, 2000), Montgomery App. No. 18232.
 {¶ 18} Other than certain limited exceptions, the police must have a reasonable, articulable suspicion of criminal activity in order to stop and investigate a vehicle. State v. Mesley (1999), 134 Ohio App.3d 833. An investigative stop is constitutional if the officer is "able to point to specific and articulable facts which when taken together with rational inferences from those facts reasonably warrant the intrusion." State v.White, Montgomery App. No. 18731, 2002-Ohio-262. An officer's reasonable belief that a person is acting in violation of the law is sufficient to justify an investigative stop. State v. VanScoder (1994),92 Ohio App.3d 853, 855.
 {¶ 19} Mr. Newsome argues that Officer Johnson was uncertain of the distance between her patrol car and Mr. Newsome's car when she heard the "thumping" of the bass music. He asserts that the distance may not have been 25 feet and therefore that the investigative stop was illegal. The trial court made the following findings:
 {¶ 20} Officer Johnson of the Dayton Police Department stopped the defendant's vehicle for a violation of a City of Dayton ordinance 94-12 entitled Noise Pollution. With her windows rolled up after 11:00 p.m. at night she could hear more than two car lengths away loud bass music and noise emanating from the defendant's motor vehicle. * * * The Court finds * * * that the noise was so excessive as to emanate through the closed windows of the police officer who was traveling in the opposite direction of the defendant when this noise drew her attention to his vehicle." (Tr. Ct. Entry p. 1-2).
 {¶ 21} The trial court found Officer Johnson to be credible in her testimony that she could hear the bass music from Mr. Newsome's car two car lengths away, despite having her car windows rolled up. Based on the officer's testimony, the trial court reasonably concluded that Mr. Newsome violated the noise ordinance and therefore that the investigative stop of Mr. Newsome was justified. As competent credible evidence was presented supporting the trial court's findings of facts that the traffic stop was justified, we cannot say the trial court erred in overruling the motion to suppress. Mr. Newsome's second assignment of error is without merit and is overruled.
 {¶ 22} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.