JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Brian Davis, appeals the lower court's ruling on the motion to suppress. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case, on November 28, 2006, appellant was charged in a one-count indictment for possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree. On January 4, 2007, the trial court, after a hearing, denied appellant's motion to suppress, and appellant entered a no contest plea to the indictment. On February 5, 2007, the trial court imposed a sentence of eight months of incarceration.
 {¶ 3} According to the facts, on October 18, 2006, police officer Sergeant Coleman was in the area of East 13th Street and Chester Avenue as a result of numerous complaints of criminal activity, including drug sales in the area. Officer Coleman testified that she has made over 50 arrests for drug activity on this corner. Officer Coleman was in the company of Officer Tony Taylor in an unmarked Ford Taurus traveling toward East 13th Street and Chester Avenue when she observed four males in a huddle, doing something with their hands. It appeared to Officer Coleman that the men were getting ready to exchange something. Officer Yasenchack was also assigned to this police detail and also stated that it appeared to him that the men were exchanging objects. *Page 4 
 {¶ 4} Appellant confirmed the activity with the other men, but stated that he was only giving "daps," a hand greeting similar to a handshake. Officer Yasenchack stated that as the police pulled up to the men, the four men immediately separated and began walking away. The police pursued them, and the men were then ordered to put their hands up on the wall. Officer Coleman noticed a plastic bag hanging out of appellant's hand at this time. Officer Coleman then observed appellant grinding his hand into the wall in an attempt to smash something. Appellant confirms that this occurred.[1] Coleman then called for Officer Taylor to handcuff appellant. Upon removing appellant's hand from the wall, the plastic bag in his hand fell to the ground. The plastic bag was recovered, tested, and found to contain .46 grams of cocaine. Appellant was arrested, charged, pled no contest, and was eventually sentenced to eight months incarceration. This appeal now follows.
 II {¶ 5} Appellant's sole assignment of error provides the following: "The trial court erred in denying appellant Brian Davis' motion to suppress because the initial investigatory stop was not supported by reasonable and articulable suspicion of criminal activity."
 III {¶ 6} An appeal of a trial court's ruling on a motion to suppress evidence *Page 5 
involves mixed questions of law and fact. Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. See State v.Robinson (1994), 98 Ohio App.3d 560, 649 N.E.2d 18; State v.Rossiter (1993), 88 Ohio App.3d 162, 623 N.E.2d 645. Thus, the credibility of witnesses during a suppression hearing is a matter for the trial court. A reviewing court should not disturb the trial court's findings on the issue of credibility. See State v. Mills (1992),62 Ohio St.3d 357, 582 N.E.2d 972; State v. Fanning (1982), 1 Ohio St.3d 19, 1 Ohio B. 57, 437 N.E.2d 583. Accordingly, in our review we are bound to accept the trial court's findings of fact when they are supported by competent, credible evidence. See State v. Harris (1994),98 Ohio App.3d 543, 649 N.E.2d 7.
 {¶ 7} In Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In assessing that conclusion, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. Id. at 21. Furthermore, the standard against which the facts are judged must be an objective one: "Would the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief `that the action taken was appropriate?" Id. at 21-22. *Page 6 
 {¶ 8} An objective and particularized suspicion that criminal activity was afoot must be based on the entire picture, a totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489; United States v. Rickus (C.A. 3, 1984), 737 F.2d 360, 365. Furthermore, these circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. United States v. Hall (C.A.D.C. 1976), 174 U.S. App.D.C. 13, 525 F.2d 857, 859; State v. Freeman (1980),64 Ohio St.2d 291, 295, 414 N.E.2d 1044.
 {¶ 9} In the instant case, our analysis of the totality of the circumstances begins with Officer Coleman and her community services unit's investigation into various citizen and city council complaints of criminal activity in the area in question. Both appellant and the police acknowledged that the corner is a high-drug activity area. In addition, the officers observed appellant and three other men huddling together and appearing to exchange small objects. Specifically, Officer Coleman testified that she observed four males in a huddle, doing something with their hands.
 {¶ 10} Upon recognizing that the police were present, the males then attempted to flee the area. All of the officers involved utilized their experience with these types of activities and recognized that this type of activity was indicative of a drug sale. Moreover, appellant's nervous actions and unsuccessful attempt to conceal the plastic bag in his hand after being detained increased the officers' *Page 7 
suspicions.
 {¶ 11} An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime.Brown v. Texas (1979), 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357. However, officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation. Id.
 {¶ 12} In addition to Officer Coleman's observations of what she believed to be a hand-to-hand exchange in an area of heavy narcotics trafficking, appellant's unprovoked flight upon noticing the police also aroused suspicion. Officer Coleman testified that once the police arrived, the men immediately left their huddle and began to walk away. Nervous, evasive behavior is a pertinent factor in determining reasonable suspicion. State v. Burnett, 10th Dist. No. 02AP-863, 2003-Ohio-1787; see, also, Illinois v. Wardlow (2000), 528 U.S. 119,124, 120 S.Ct. 673, 145 L.Ed.2d 570. Flight is the consummate act of evasion. It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such. United States v. Cortez (1981),449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621. Under the circumstances, the police involved were justified in suspecting appellant was involved in criminal activity and, therefore, in investigating further.
 {¶ 13} We conclude that the totality of the circumstances justified the stop and search in this case. The trial court's decision was based on competent, credible *Page 8 
evidence, and the motion to suppress was properly denied. Accordingly, we overrule appellant's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR
[1] Tr. 54-55. *Page 1