OPINION
{¶ 1} Defendant-appellant Clemente Corral Hernandez appeals from his conviction and sentence in the Stark County Court of Common Pleas on one count of possession of marijuana, a second degree felony.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS {¶ 3} On or about October 10, 2003, the office manager at the Comfort Inn contacted the Stark County Sheriff's Department in regard to a problem with the guests occupying Room 101 in the hotel. The hotel wished to evict said occupants for violating hotel policies and was also suspicious that drug activity was taking place in said room. (Supp. T. at 26, 28, 148-149, 160, 194) (T. at 342, 397).
 {¶ 4} The officers interviewed the hotel staff who conveyed the following information: a strong pungent odor was emanating from the room; an outside door located next to Room 101 was propped open with a rock; there was a lot of foot traffic to and from said room; Room 101 received a lot of outside visitors; Room 101's occupants were taking out their own trash; Room 101's occupants refused housekeeping for three days; the occupants paid the room rental in cash daily; neither of the occupants was the same person who rented the room; and the occupants failed to provide picture identification to the hotel staff upon request.
 {¶ 5} The officers knocked on the door of Room 101, identified themselves, explained the hotel's concerns and asked if they could enter the room, in response to which one of the occupants, Martin Bustillos-Gonzales, stepped back on let the officers inside the room. Once inside the room, the officers noted a very strong odor of cologne. (T. at 321, 379).
{¶ 6} Appellant Hernandez and the other room occupant, Mr. Gonzales, provided the officers with Colorado driver's licenses and social security numbers. However, they admitted that the social security numbers were fictitious and that they were both illegal aliens. (T. at 409).
 {¶ 7} The officers then separated the two room occupants and separately requested and obtained permission to search the room after being told that that there were no narcotics, weapons or contraband in the room. As a result of said search, the officers located ninety-seven individual plastic baggies containing marijuana in various duffel bags and luggage. (T. at 322-325). These baggies were accompanied by dryer sheets. Id.
 {¶ 8} Appellant Hernandez and Gonzales were arrested, handcuffed and advised of their Miranda rights, in both English and Spanish. Appellant Hernandez and Gonzales told the officers that they understood their rights and when asked if there was anything else in the room, Mr. Gonzales nodded toward another marijuana filled bag. (T. at 323-324, 329, 406, 447).
 {¶ 9} Appellant Hernandez and Gonzales told the officers that they had driven to Ohio from Colorado to deliver marijuana at the direction of an unknown man in Colorado who provided them with cell phones and told them that they would be contacted by another unknown man upon their arrival in Canton who would tell them where to deliver the marijuana. They stated that they were paid $3,000.00 each to deliver the marijuana. (T. at 329-331, 407-408).
 {¶ 10} On October 30, 2003, Appellant Hernandez was indicted on one count of trafficking in marijuana, in violation of R.C.2925.03(A)(2)(C)(3)(f) and one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(f)
 {¶ 11} On December 16, 2003, Appellant filed a motion to suppress the evidence against him.
 {¶ 12} On February 9, 2004, the trial court conducted a hearing on Appellant's motion to suppress.
 {¶ 13} On March 11, 2004, the trial court denied appellant's motion to suppress.
 {¶ 14} On April 13, 2004, a jury trial commenced in this matter.
 {¶ 15} The jury trial concluded with a verdict of not guilty as to the charge of trafficking in marijuana and guilty as to the charge of possession of marijuana.
 {¶ 16} The trial court sentenced appellant to serve eight (8) years in prison.
 {¶ 17} Appellant timely appealed and raises the following Assignments of Error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 18} "I. The trial court erred to the prejudice of the appellant Mr. Clemente Corral Hernandez by failing to suppress all the evidence against him.
 {¶ 19} "II. The trial court erred to the prejudice of the appellant Mr. Clemente Corral Hernandez when it allowed the prosecution to comment on the [sic] Mr. Gonzales' [sic] silence in violation of his fifth andfourteenth amendment rights against self incrimination.
 {¶ 20} "III. The appellant Mr. Clemente Corral Hernandez was denied the effective assistance of counsel as guaranteed by the sixth amendment of the united states constitution.
 {¶ 21} "IV. The trial court erred and thereby deprived the appellant, Clemente Corral Hernandez, of due process of law as guaranteed by thefourteenth amendment of the united states constitution and article one, section ten of the ohio constitution, as the prosecution failed to offer sufficient evidence to prove beyond a reasonable doubt that Mr. Gonzales [sic] was in possession of the marijuana.
 {¶ 22} "II. The trial court erred and thereby deprived the appellant, Mr. Clemente Corral Hernandez, of due process of law as guaranteed by thefourteenth amendment of the united states constitution and article one, section ten of the ohio constitution by [sic] as the verdict for the charge of possession of marijuana was against the manifest weight of the evidence.
 I. {¶ 23} In his first assignment of error, Appellant argues that the trial court erred in denying his motion to suppress. We disagree.
 {¶ 24} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906;Guysinger. As the United States Supreme Court held in Ornelas v. U.S.
(1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 25} In the case sub judice, Appellant alleges the trial court incorrectly decided the ultimate issue in the motion to suppress, that is, whether the consent to search the hotel room was voluntary. Therefore, we must determine, without deference to the trial court, whether the facts meet the appropriate legal standard.
 {¶ 26} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889;State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. Even without probable cause, a police officer may stop an individual and investigate unusual behavior when the officer reasonably concludes that the individual is engaged in criminal activity. Terry, supra. Terry
requires that before stopping an individual, the officer must have specific and articulable facts which, taken together with rational inferences from those facts, reasonably leads the officer to conclude that the individual is engaged in criminal activity. Id. at 21. In determining whether an officer's beliefs are reasonable, a court must consider the totality of the circumstances involved. State v. Bobo
(1988), 37 Ohio St.3d 177, 180, 524 N.E.2d 489.
 {¶ 27} In the case sub judice, based on the information obtained by the officers from the hotel staff, we find that the officers could have reasonable concluded that criminal activity was afoot allowing them to investigate further.
 {¶ 28} The occupants of a hotel room have a reasonable expectation of privacy that the Fourth Amendment protects. Stoner v. California (1964),376 U.S. 483, 490, 84 S.Ct. 889, 11 L.Ed.2d 856; State v. Smith (1991),73 Ohio App.3d 471, 475, 597 N.E.2d 1132; State v. Day (1976),50 Ohio App.2d 315, 319, 362 N.E.2d 1253. Warrantless searches and seizures are unreasonable under the Fourth Amendment except for a few well-delineated exceptions. Horton v. California (1990), 496 U.S. 134,110 S.Ct. 2301; State v. Willoughby (1992), 81 Ohio App.3d 562, 567,611 N.E.2d 937.
 {¶ 29} One exception to the warrant requirement is a search or seizure conducted by consent. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219,93 S.Ct. 2041, 36 L.Ed.2d 854; State v. Posey (1988), 40 Ohio St.3d 420,427, 534 N.E.2d 61. In this case, the evidence showed that the officers knocked on the door of the hotel room, that they identified themselves and their purpose, and that appellant freely and voluntarily opened the door and let the officers inside. Consequently, the officers' initial entry into the hotel room did not violate the Fourth Amendment. SeePosey, supra, at 427, 534 N.E.2d 61; State v. Thompson (1987),33 Ohio St.3d 1, 7-8, 514 N.E.2d 407; State v. Kruger, 9th Dist. No. 20830, 2002-Ohio-1750.
 {¶ 30} Appellant takes issue with the trial court's finding that Appellant voluntarily let the police officers in the room, as well as various other findings of fact. In reviewing a ruling on a motion to suppress, this court accepts the trial court's findings of fact as being true as long as competent, credible evidence supports them. State v.Sheppard (2001), 144 Ohio App.3d 135, 140, 759 N.E.2d 823. Appellant's argument is essentially that the police officers' testimony is not credible. But in a hearing on a motion to suppress, matters as to the credibility of evidence are for the trial court to decide. State v.Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; State v. Rossiter
(1993), 88 Ohio App.3d 162, 166, 623 N.E.2d 645.
 {¶ 31} Appellant's first assignment of error is overruled.
 II. {¶ 32} In his second assignment of error, Appellant argues that the trial court committed error in allowing the prosecution to comment on the fact that he did not testify on his own behalf. We disagree.
 {¶ 33} Appellant argues that the prosecution, during closing argument, violated Appellant's fifth and fourteenth amendment rights against self-incrimination when it made the following comments:
 {¶ 34} "MR. VANCE: They didn't know about the dope? They didn't know about the dope? They didn't know it was there? When they point to it, they don't know it was there"
 {¶ 35} "Let me ask it this way: What evidence has been presented, what evidence has been presented in this courtroom during this trial that would indicate that these defendants did not know that this dope was there?" (T. at 512-513).
 {¶ 36} Appellant argues that these comments were an inference that Appellant's silence at trial amounted to knowledge of the presence of the marijuana. Appellant objected to said comments and moved for a mistrial.
 {¶ 37} The trial court denied the mistrial but ordered the prosecution to rephrase the comments, and instructed the jury to disregard the prosecutor's comments. (T. at 514).
 {¶ 38} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. The prosecution is entitled to a certain degree of latitude in its closing remarks. Lott, supra at 165. Generally, the state may comment freely on "what the evidence has shown and what reasonable inferences may be drawn therefrom." Id., quoting State v. Stephens (1970),24 Ohio St.2d 76, 82.
 {¶ 39} Although the prosecutor's statements may have been inappropriate, we cannot find prosecutorial misconduct unless we determine the remarks and comments prejudicially affected the substantial rights of appellant. Given the ample evidence presented to the jury to establish appellant's guilt, coupled with the trial court's cautionary instruction, we cannot say appellant would not have been convicted but for the alleged improper comment of the prosecutor. We find appellant was neither prejudiced nor prevented from having a fair trial.
 {¶ 40} Appellant's second assignment of error is overruled.
 III. {¶ 41} In his third assignment of error, Appellant claims that he was denied the effective assistance of counsel. We disagree.
 {¶ 42} Initially, Appellant argues that his right to have a separate attorney from his co-defendant was a conflict and should not have been waived. Additionally, Appellant argues that a conflict existed between his attorney and the judge in that the judge was involved in the filing of a grievance against his attorney.
 {¶ 43} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 44} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142,538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 45} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 46} Upon review, we find that Appellant has failed to establish that any conflict actually was created by the dual representation or that he was prejudiced by same.
 {¶ 47} Likewise, Appellant has failed to establish that the existence of the grievance caused any conflict which prejudiced him in the case sub judice.
 {¶ 48} Appellant's third assignment of error is overruled.
 IV. V. {¶ 49} In his fourth Assignment of Error, appellant maintains the verdict was against the sufficiency of the evidence. In his fifth Assignment of Error, appellant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 50} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St. 3d 259.
 {¶ 51} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 52} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St. 3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."
 {¶ 53} State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 54} In State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v. Miller (2002),96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38, 775 N.E.2d 498.
 {¶ 55} R.C. 2925.11 provides, in relevant part, as follows: "(A). No person shall knowingly obtain, possess, or use a controlled substance." In order to be convicted, the jury had to find that appellant knowingly possessed the illegal drugs. The culpable mental state of "knowingly" is defined as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 56} Looking at all of the evidence before us, we can not say that the jury, or the trial court, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The jury was in the best position to hear the testimony, observe the witnesses, and determine their reliability. Based on the foregoing, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant knowingly possessed the marijuana located in the hotel room.
 {¶ 57} Accordingly, we hold that the jury's finding that appellant was in possession of marijuana was not against the manifest weight of the evidence.
 {¶ 58} Appellant's fourth and fifth Assignments of Error are overruled.
 {¶ 59} For the foregoing reasons, the judgment of the Court of Common Pleas, of Stark County, Ohio, is affirmed.
By Boggins, P.J., Gwin, J., and Hoffman, J., concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, of Stark County, Ohio, is affirmed.